16-2016-CA-002517-XXXX-MA

Filing # 40104812 E-Filed 04/11/2016 03:03:17 PM

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

SALLY DOE, an individual,

    Plaintiff,

vs.

CASE NUMBER:
DIVISION:

ASHFORD TRS POOL A LLC,
a Foreign Limited Liability Company d/b/a
ONE OCEAN RESORT HOTEL & SPA and
ASHFORD ATLANTIC BEACH, LP, a
Foreign limited partnership,

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, SALLY DOE, by and through her undersigned counsel, and files this Complaint for damages and demand for jury trial against Defendant, ASHFORD TRS POOL A LLC, a Foreign Limited Liability Company d/b/a ONE OCEAN RESORT HOTEL & SPA (hereinafter "One Ocean") and ASHFORD ATLANTIC BEACH, LP, a foreign limited partnership ("Ashford"), and herewith alleges the following:

## GENERAL ALLEGATIONS

1. This is an action at law for damages in excess of $15,000.00.

2. Venue is proper in Jacksonville, Duval County, Florida pursuant to Section 47.011, Florida Statutes.

3. SALLY DOE ("Ms. Doe" or "Plaintiff") is a single female (DOB: ▆▆▆▆ 1971) who presently resides in Minnesota.

4. One Ocean is a Foreign Limited Liability Company registered in Florida, and at all times material does business as One Ocean Resort Hotel & Spa, its registered fictitious name, which owns, operates and manages a hotel (the "Hotel") located at 1 Ocean Blvd., Atlantic Beach, Duval County, Florida, 32233 (the "Premises").

5. At all times material hereto, One Ocean owned, operated, maintained or managed the Hotel and common property appurtenant thereto, known as One Ocean Resort.

6. At all times material, One Ocean engaged in the business of owning and operating hotels.

7. At all times material hereto, Ashford owned the Premises, upon which the Hotel was located.

8. In the five calendar years prior to August 14, 2014, the date of the incident, there were over one-hundred fifty (150) calls for service at One Ocean to local law enforcement that resulted in offense reports being generated. There were many more calls for service.

9. In the five calendar years prior to August 14, 2014, there were multiple batteries, assaults, criminal threats, as well as a rape, felony battery resulting in great bodily harm and sexual battery that occurred on or within a one block radius of One Ocean.

10. On August 14, 2014, Defendants failed to have adequate security at the Premises.

11. On August 14, 2014, Defendants failed to equip the property with operable security cameras capable of recording and retrieving images to assist in offender identification and apprehension at the time of the subject shooting.

12. On August 14, 2014, Defendants failed to sufficiently enclose the subject property with fencing, barricades, or adequate locks, or provide the security measures necessary to monitor or appropriately inhibit or prohibit ingress and egress onto the subject property.

13. On August 14, 2014, Defendants failed to adequately light the exterior common areas for guest or visitor safety.

14. On or about August 14, 2014, Defendants failed to have on its common areas emergency safety fixtures enabling guests or visitors to call or otherwise alert law enforcement or other emergency assistance.

15. At all times material hereto, Ms. Doe was staying at the Hotel and was an invitee on the Premises.

16. On or about August 14, 2014, Ms. Doe was a staying at the Hotel and was an invitee thereon.

17. On August 14, 2014 at or around 5:30 a.m., Ms. Doe was exercising in the gym located in the Hotel.

18. On August 14, 2014, Ms. Doe was, without provocation, attacked, kidnapped and sexually battered at the subject Premises by Joshua Gloston.

19. As a result of the foregoing unprovoked sexual battery and kidnapping, Ms. Doe sustained multiple trauma and injuries, including, but not limited to bodily injury, mental anguish as a direct consequence of said bodily injury, and permanent past and future pain and suffering.

### COUNT I: NEGLIGENCE
(As To One Ocean)

20. Plaintiff re-alleges Paragraphs 1 through 19 as if fully set forth herein below.

21. At all times material, the Defendant One Ocean, through its agents and employees, had a duty to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its guests or invitees. In particular, One Ocean had a duty to take such precautions as were reasonably necessary to protect its guests or invitees, including Ms. Doe, from criminal attacks which were reasonably foreseeable.

22. This duty extended to Ms. Doe includes the duty to provide safety, security and protection from known dangers, including the duty to provide safety, security and protection from reasonably foreseeable acts of threats, force, violence or bodily harm from individuals on the subject Premises.

23. One Ocean knew or in the exercise of reasonable care should have known that the Premises and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on One Ocean's guests or invitees unless One Ocean took steps to provide proper security for such individuals.

24. Defendant knew or in the exercise of reasonable care should have known that no individual including Plaintiff had it within her power to take the measures necessary to provide for her own security on the Premises.

25. At all times material, One Ocean through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, batteries, assaults, criminal threats, rape, felony battery resulting in great bodily harm and sexual battery had occurred on the Premises or within a one block radius over the previous five years.

JAX\2025666_4                                       -4-

26. As a result of the foregoing, at all times material, the criminal attack of Ms. Doe, was reasonably foreseeable, and One Ocean was in the superior position to appreciate such hazards and take necessary steps to prevent harm to guests or invitees, including Ms. Doe;

27. At the above mentioned time and place, One Ocean by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its guests and invitees, including Ms. Doe, and acted in a careless and negligent manner through the following acts of omission or commission:

    A.  By failing to provide reasonably adequate safety and security on the day in question to and for guests and invitees, including Ms. Doe;

    B.  By failing to provide reasonably adequate safety and security prior to the incident, so as to deter criminal activity against guests or invitees which had occurred before and which could foreseeably occur again;

    C.  By allowing the building to remain open and available to anyone who cared to enter;

    D.  By failing to install TV monitoring or surveillance equipment throughout the subject premises in public areas to deter criminal activity, including but not limited to the areas of the premises where the incident occurred, so that it would act as a deterrent to criminal activity despite local law enforcement's recommendation for the same to be installed;

    E.  By failing to use adequate locks or ensure locks were working properly;

    F.  By failing to warn its invitees and guests, including Ms. Doe, of the nature and character of the surrounding area and One Ocean's insufficient locking and security, when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on One Ocean's premises prior to this incident;

G. By failing to warn, protect, guard, and secure the safety of its invitees and guests, including Ms. Doe, when One Ocean knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premises;

H. By failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees and guests at the subject premises, when One Ocean knew or should have known of foreseeable criminal acts;

I. By failing to hire and retain adequate and competent private security personnel to patrol and/or monitor the subject premises, thereby protecting its invitees and guests, including Ms. Doe;

J. By failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its guests and invitees, including Ms. Doe;

K. By failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees and the public, including Ms. Doe;

L. By failing to provide proper and sufficient lighting for the subject premise, including, but not limited to exterior building lighting at the premise and surrounding areas;

M. By failing to implement adequate security policies, security measures, and security procedures necessary to protect Ms. Doe and other invitees and members of the public at the subject premise;

N. By failing to take additional security measures after being put on notice that the security measures in force were inadequate;

O. By failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

P. By failing to provide a reasonably safe structural layout of the subject property;

Q. The preceding paragraphs "A" through "P", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community;

R. By additional acts of negligence not yet discovered.

28. The Defendant, One Ocean, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred; or in the alternative:

   a. The Defendant, One Ocean, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

   b. The Defendant, One Ocean, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner, and/or

   c. The Defendant, One Ocean, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its guests, invitees and the public, including the areas of the building where the subject incident occurred.

29. The Defendant, One Ocean, through its agents, servants, and employees, created and/or knowingly allowed to be created said dangerous conditions as stated above on the subject premises; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

30. Further, the Defendant failed to warn its guests, invitees, and the public, including but not limited to Ms. Doe, of the existence of said dangerous conditions.

JAX\2025666_4                           -7-

31. The negligence of the Defendant One Ocean proximately caused injuries to Ms. Doe and directly led to the criminal attack of Ms. Doe in that:

   a. There was inadequate and/or nonexistent visible deterrence to prevent said criminal act;

   b. There was inadequate and/or nonexistent physical deterrence to prevent said criminal attack;

   c. Criminals could carry out physical attacks on the Defendant's premises without fear of being caught, discovered, and/or prosecuted;

   d. An atmosphere was created at the Defendant's premises which facilitated the commission of crimes against persons.

32. As a direct and proximate result of the negligence of the Defendant, One Ocean, Ms. Doe was the victim of a criminal attack on the Premises.

33. As a further direct and proximate result of one or more breaches of One Ocean's duty to provide reasonably safe premises, Ms. Doe has suffered damages, including, but not limited to bodily injury, pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and other nonfinancial losses as a direct consequence of said bodily injury, permanent past and future pain, suffering which is continuing and will continue throughout her life, along with economic damages, including, but not limited to, past and future medical and psychological expenses and other related medical and psychiatric therapy expenses, past and future.

WHEREFORE, Plaintiff, SALLY DOE, requests entry of judgment for damages against Defendant One Ocean, including all damages allowed under Florida law, pre-judgment interest on all liquidated damages, costs and trial by jury.

**COUNT II: NEGLIGENCE**
**(As To Ashford)**

34. Plaintiff re-alleges Paragraphs 1 through 19 as if fully set forth herein below.

35. At all times material, the Defendant Ashford, through its agents and employees, had a duty to exercise reasonable and ordinary care to keep and maintain its Premises in a condition reasonably safe for use by guests or invitees. In particular, Ashford had a duty to take such precautions as were reasonably necessary to protect its invitees or its guests, invitees, including Ms. Doe, from criminal attacks which were reasonably foreseeable.

36. This duty extended to Ms. Doe includes the duty to provide safety, security and protection from known dangers, including the duty to provide safety, security and protection from reasonably foreseeable acts of threats, force, violence or bodily harm from individuals on the subject Premises.

37. Ashford knew or in the exercise of reasonable care should have known that the Premises and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on guests or invitees on the Premises unless Ashford took steps to provide proper security for such individuals.

38. Defendant Ashford knew or in the exercise of reasonable care should have known that no individual including Plaintiff had it within her power to take the measures necessary to provide for her own security on the Premises.

39. At all times material, Ashford through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, had occurred on the Premises.

40. As a result of the foregoing, at all times material, the criminal attack of Ms. Doe was reasonably foreseeable, and Ashford was in the superior position to appreciate such hazards and take necessary steps to prevent harm to guests or invitees on the Premises, including Ms. Doe.

41. At the above mentioned time and place, Ashford by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of guests and invitees on the Premises, including Ms. Doe, and acted in a careless and negligent manner through the following acts of omission or commission:

    A. By failing to provide reasonably adequate safety and security on the day in question to and for guests and invitees, including Ms. Doe;

    B. By failing to provide reasonably adequate safety and security prior to the incident, so as to deter criminal activity against guests or invitees which had occurred before and which could foreseeably occur again;

    C. By allowing the building to remain open and available to anyone who cared to enter;

    D. By failing to install TV monitoring or surveillance equipment throughout the subject premises in public areas to deter criminal activity, including but not limited to the areas of the premises where the incident occurred, so that it would act as a deterrent to criminal activity despite local law enforcement's recommendation for the same to be installed;

    E. By failing to use adequate locks or ensure locks were working properly;

    F. By failing to warn its invitees and guests, including Ms. Doe, of the nature and character of the surrounding area and One Ocean's insufficient locking and security, when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on One Ocean's premises prior to this incident;

G. By failing to warn, protect, guard, and secure the safety of its invitees and guests, including Ms. Doe, when One Ocean knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premises;

H. By failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees and guests at the subject premises, when One Ocean knew or should have known of foreseeable criminal acts;

I. By failing to hire and retain adequate and competent private security personnel to patrol and/or monitor the subject premises, thereby protecting its invitees and guests, including Ms. Doe;

J. By failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its guests and invitees, including Ms. Doe;

K. By failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees and the public, including Ms. Doe;

L. By failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

M. By failing to implement adequate security policies, security measures, and security procedures necessary to protect Ms. Doe and other invitees and members of the public at the subject premise;

N. By failing to take additional security measures after being put on notice that the security measures in force were inadequate;

O. By failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

JAX\2025666_4                                   -11-

    P.    By failing to provide a reasonably safe structural layout of the subject property;

    Q.    The preceding paragraphs "A" through "P", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community;

    R.    By additional acts of negligence not yet discovered.

    42.    The Defendant, Ashford, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred; or in the alternative,

    a.    The Defendant, Ashford, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

    b.    The Defendant, Ashford, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner, and/or

    c.    The Defendant, Ashford, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of guests, invitees and the public, including the areas of the building where the subject incident occurred.

    43.    The Defendant, Ashford, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises or,

in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

44. Further, the Defendant failed to warn guests, invitees, and the public, including but not limited to Ms. Doe, of the existence of said dangerous conditions.

45. The negligence of the Defendant Ashford proximately caused injuries to Ms. Doe and directly led to the criminal attack of Ms. Doe in that:

  a. There was inadequate and/or nonexistent visible deterrence to prevent said criminal act;

  b. There was inadequate and/or nonexistent physical deterrence to prevent said criminal attack;

  c. Criminals could carry out physical attacks on the Defendant's premises without fear of being caught, discovered, and/or prosecuted; and

  d. An atmosphere was created at the Defendant's premises which facilitated the commission of crimes against persons.

46. As a direct and proximate result of the negligence of the Defendant, Ashford, Ms. Doe was the victim of a criminal attack on the Premises.

47. As a further direct and proximate result of one or more breaches of Ashford's duty to provide reasonably safe premises, Ms. Doe has suffered damages, including, but not limited to bodily injury, pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and other nonfinancial losses as a direct consequence of said bodily injury, permanent past and future pain, suffering which is continuing and will continue throughout her life, along with economic damages, including, but not limited to, past and future medical and psychological expenses and other related medical and psychiatric therapy expenses, past and future.

WHEREFORE, Plaintiff, SALLY DOE, requests entry of judgment for damages against Defendant Ashford, including all damages allowed under Florida law, pre-judgment interest on all liquidated damages, costs and trial by jury.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

                                   **ROGERS TOWERS, P.A.**

By:    */s/ Edward McCarthy, III*
        Edward McCarthy, III
        Florida Bar No.: 866873
        1301 Riverplace Boulevard, Suite 1500
        Jacksonville, Florida 32207
        Telephone: (904) 398-3911
        Facsimile: (904) 396-0663
        *Attorneys for Plaintiff*

Primary and Secondary Email Addresses:
emccarthy@rtlaw.com
anachman@rtlaw.com
dwaldenmaier@rtlaw.com

**WOOLSEY LAW, PLLC**

By:    */s/ Joshua A. Woolsey*
        JOSHUA A. WOOLSEY
        Florida Bar No. 037905
        4925 Beach Blvd.
        Jacksonville, Florida 32207
        (904) 638-4236 (telephone)
        (904) 638-9302 (facsimile)
        Email: josh@woolseylawfirm.com
        Secondary: sara@woolseylawfirm.com
        eservice@woolseylawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Summons and Complaint have been furnished to a process server for service upon Defendants, ASHFORD TRS POOL A LLC d/b/a ONE OCEAN RESORT HOTEL & SPA, and to ASHFORD ATLANTIC BEACH, LP, this 11th day of April, 2016.

/s/ *Edward McCarthy, III*
Attorney