**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SALLY DOE, an individual,

      Plaintiff,

v.                                       Case No. 3:16-cv-1367-J-34PDB

ASHFORD TRS POOL A, LLC, and
ASHFORD ATLANTIC BEACH, LP,

      Defendants.

_____/

**ORDER**

      **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

      On November 1, 2016, Defendants Ashford TRS Pool A LLC d/b/a One Ocean Resort Hotel & Spa (Ashford, LLC) and Ashford Atlantic Beach, LP (Ashford, LP), filed Defendants' Notice of Removal of Action (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice ¶ 1. In the Notice of Removal, Defendants allege that Plaintiff is a citizen of Minnesota. Id. ¶ 2.

In addition, Defendants assert that Ashford, LLC is "a Delaware limited liability company with its principal place of business in Texas," and Ashford, LP is "a Delaware limited liability company with its principal place of business in Texas." Id. ¶¶ 4-5. Defendants then erroneously maintain that these allegations establish that Ashford, LLC and Ashford, LP are citizens of Delaware and Texas. Id.

For the purpose of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted). Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).[1]

Here, the Court is unable to determine whether it has diversity jurisdiction over this case. Defendants do not allege the citizenship of all of the members of Defendants

---

[1] Despite citing the Rolling Greens case in the Notice, it appears to the Court that defense counsel did not actually read the decision. Rolling Greens plainly stands for the proposition that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." See Rolling Greens, 374 F.3d at 1022. Yet, Defendants cite this case to support their contention that Defendants, a limited liability company and a limited partnership, are citizens of the state where they were formed and the state where their principal place of business is located. See Notice ¶¶ 4-5. Going forward, counsel for Defendants should ensure that his citations to legal authority actually support the propositions for which they are cited.

Ashford, LLC and Ashford, LP.  See Notice ¶¶ 4-5.  In light of the foregoing, the Court will give Defendants an opportunity to provide the Court with additional information to establish Ashford, LLC and Ashford, LP's respective states of citizenship and this Court's diversity jurisdiction over the instant action.[2]  Accordingly, it is

**ORDERED**:

Defendants shall have until **November 14, 2016**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, on November 3, 2016.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[2] The Court notes that Defendants' citizenship is also relevant for purposes of determining whether removal was proper under the forum defendant rule.  Specifically, 28 U.S.C. § 1441(a)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The Court express no opinion as to whether a removal in violation of this provision deprives the Court of subject matter jurisdiction, or merely constitutes a procedural defect, but to the extent it is a procedural defect, the Court observes that the defect will be waived if a motion to remand is not filed within thirty days of the removal.